UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FRANCO'S ATHLETIC CLUB, LLC et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1647** |
| **EMILY DAVIS et al.** | **SECTION: "G"(2)** |

## ORDER AND REASONS

Before the Court is Plaintiffs Franco's Athletic Club, LLC; Franco Investments LLC; Spa Management Systems LLC; Ronald Franco; Sandra Franco; and Fitcorp LLC's (collectively "Plaintiffs") Motion to Remand.[1] Defendants Certain Underwriters at Lloyd's London, General Security Indemnity Co. of Arizona, HDI Global Specialty SE, Indian Harbor Insurance Co., International Insurance Co. of Hannover SE, Lexington Insurance Co., Princeton Excess and Surplus Lines Insurance Co., QBE Specialty Insurance Co., Steadfast Insurance Co., United Specialty Insurance Co. (collectively, "Insurers") oppose the motion.[2] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion.

## I. Background

This litigation arises out of an alleged embezzlement scheme from 2008 to 2016.[3] On June 9, 2017, Plaintiffs filed a Petition for Damages and Return of Stolen Property in the Twenty-Second Judicial District Court for the Parish of St. Tammany.[4] In the Petition, Plaintiffs allege that

---

[1] Rec. Doc. 5.

[2] Rec. Doc. 6. These Defendants are Plaintiffs' insurers. *See* Rec. Doc. 5-1 at 1, n.1.

[3] Rec. Doc. 1-2 at 255 (State Court Petition).

[4] *Id.* at 253.

1

Defendants Emily Davis ("Davis") and Jennifer Thompson ("Thompson") were employees of Plaintiff Franco's Athletic Club ("Franco's").[5] Plaintiffs aver that in July 2016, while Davis and Thompson were both out of the office on vacation, Franco's "received a telephone call from their primary bank alerting them to some irregularities" with Franco's bank accounts.[6] Plaintiffs launched an investigation which allegedly revealed "that Davis and Thompson had been working in concert to commit theft and embezzle funds in excess of $1.7 million over an eight-year period."[7] Plaintiffs assert state law tort claims against Davis and Thompson.[8]

While the case was in state court, on February 19, 2020, Plaintiffs filed a First Supplemental and Amending Petition naming Insurers, as Plaintiffs' insurers, and asserting claims for insurance coverage for the alleged thefts of Davis and Thompson.[9] On March 13, 2020, Plaintiffs filed a Second Supplemental and Amending Petition asserting bad faith insurance claims against Insurers.[10] Insurers filed exceptions of prescription, no right of action, and insufficiency of service, which the state court denied on August 26, 2021.[11] The next day, Insurers removed the action to this Court, asserting subject matter jurisdiction under 9 U.S.C. §§ 202, 203, and 205 because the "dispute falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards" (the "Convention").[12]

---

[5] *Id.* at 255.

[6] *Id.*

[7] *Id.*

[8] *Id.* at 258–61.

[9] *Id.* at 302–07.

[10] *Id.* at 11–13.

[11] Rec. Doc. 5-2 at 33–34.

[12] Rec. Doc. 1.

Plaintiffs filed the instant motion to remand arguing that Insurers waived their right to remove by asking the state court to adjudicate the merits of the case.[13] Insurers oppose the motion, arguing that the Convention contains "unique removal language, permitting removal at any time before trial."[14]

## II. Parties' Arguments

### A. *Plaintiffs' Arguments in Support of the Motion to Remand*

In the motion, Plaintiffs move the Court to remand this case to state court because Plaintiffs argue that Insurers waived their right to remove.[15] Plaintiffs concede that Insurers' removal rights under the Convention are "admittedly broad," however, Plaintiffs argue that "nothing prevents a foreign insurer from waiving the right to remove."[16] Plaintiffs contend that, under Fifth Circuit precedent, "a party waives its right to remove a case to federal court when it asks the state court to adjudicate the merits once the case is allegedly subject to removal."[17] Here, Insurers filed peremptory exceptions of prescription, no right of action, and insufficiency of service.[18] Plaintiffs assert that "a judgment sustaining an exception of prescription is . . . a final judgment on the merits."[19] Thus, Plaintiffs argue that by seeking a ruling on their peremptory exceptions, Insurers

---

[13] Rec. Doc. 5. *See also* Rec. Doc. 5-1 at 1.

[14] Rec. Doc. 6 at 1 (emphasis omitted).

[15] Rec. Doc. 5.

[16] *Id.* at 3 (citing *Ensco Int'l, Inc. v. Certain Underwriters at Lloyd's*, 579 F.3d 442, 449 (5th Cir. 2009)).

[17] *Id.* (citing *Tedford v. Warner Lambert Co.*, 327 F.3d 423, 428 (5th Cir. 2003), *superseded by statute on other grounds*, Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, § 103(b), 125 Stat. 758, 760 (2011), *as recognized in Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 293–94 (5th Cir. 2019)).

[18] *Id.* at 3. *See also* Rec. Doc. 5-2 at 33–34.

[19] Rec. Doc. 5-1 at 4 (quoting *Sours v. Kneipp*, 40,770, p. 5 (La. App. 2 Cir. 2006); 923 So. 2d 981, 984).

3

sought an adjudication on the merits and therefore waived their right to remove.[20]

### B.    *Insurers' Arguments in Opposition to the Motion to Remand*

In opposition, Insurers urge the Court to deny Plaintiffs' motion.[21] Insurers argue that Plaintiffs rely on inapposite case law that does not apply in cases governed by the Convention.[22] Insurers argue that the Convention contains uniquely broad removal language that permits removal at any time before trial.[23] Specifically, Insurers aver that Section 205 provides that "[w]here the subject matter of an action . . . pending in a State court relates to an arbitration agreement . . . under the Convention, [a defendant] may, at any time before the trial thereof, remove [the] action."[24] Insurers assert that Congress intended Section 205 to enable "easy" removal.[25] Insurers insist that "the general rule of construing removal statutes strictly against removal 'cannot apply to Convention . . . cases because in these instances, Congress created special removal rights to channel cases into federal court.'"[26] Insurers assert that "[t]here is a strong federal interest in favor of arbitration in general."[27] More particularly, Insurers argue that this strong interest applies with "special force" in Convention arbitration cases.[28]

---

[20] *Id.* at 3–5.

[21] Rec. Doc. 6.

[22] *Id.* at 1 (citing *Sw. Elec. Power Co. v. Certain Underwriters at Lloyd's of London*, No. 12-2065, 2012 WL 5866599, at *5 (W.D. La. Nov. 19, 2012); *Acosta v. Master Maint. & Constr., Inc.*, 52 F. Supp. 2d 699 (M.D. La. 1999)).

[23] *Id.* at 1.

[24] *Id.* at 4 (quoting 9 U.S.C. § 205).

[25] *Id.* at 4 (quoting *Beiser v. Weyler*, 284 F.3d 665, 674 (5th Cir. 2002)).

[26] *Id.* (quoting *Acosta v. Master Maint. & Constr., Inc.*, 452 F.3d 373, 376–77 (5th Cir. 2006)).

[27] *Id.* at 3 (citing *Green Tree Servicing, LLC v. Dove*, 701 Fed. App'x 385, 386 (5th Cir. 2017)).

[28] *Id.* at 3 (emphasis removed) (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 638–39 (1985)).

Given this strong preference for international arbitration, Insurers argue that they have not waived their right to remove under Section 205 for three reasons.[29] First, Insurers assert that Section 205 "necessarily contemplates that the case might be litigated to some extent before being removed."[30] Second, Insurers contend that "only actual final resolution of a plaintiff's claims by the trial of an action, as opposed to other proceedings, can prevent removal under § 205."[31] Here, Insurers aver that, because their exception of prescription "was denied, there has been no final resolution of any of Plaintiffs' claims."[32] Thus, Insurers posit that the state court's denial of its peremptory exception of prescription does not constitute the type of trial on the merits that would preclude removal under Section 205.[33] Finally, Insurers argue that the Fifth Circuit "will give effect only to explicit waivers of Convention Act removal rights."[34] Therefore, Insurers ask the Court to deny Plaintiffs' motion.[35]

### III. Law and Analysis

In this case, Plaintiffs argue that Insurers waived their right to remove by seeking an adjudication on the merits in state court.[36] Insurers contend that they did not waive their right to

---

[29] *Id.* at 5.

[30] *Id.* (quoting *Sw. Elec. Power Co.*, 2012 WL 5866599, at *5).

[31] *Id.* at 6.

[32] *Id.* at 8.

[33] *Id.* at 8–9.

[34] *Id.* at 9 (quoting *McDermott Int'l, Inc. v. Lloyd's Underwriters of London*, 944 F.2d 1199, 1209 (5th Cir. 1991)).

[35] *Id.* at 11.

[36] Rec. Doc. 5-1 at 5.

remove, because the Convention contains broad removal language that courts should construe liberally in favor of removal.[37]

Under the general removal statute, 28 U.S.C. § 1441, a defendant may remove a state court action to federal court if the federal court has original jurisdiction over the action.[38] The removing party bears the burden of demonstrating that federal jurisdiction exists.[39] In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity, that federal courts are courts of limited jurisdiction and that "removal statute[s] should be strictly construed in favor of remand."[40]

In contrast, the Convention's removal provision, 9 U.S.C. § 205, contains broad language:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, *at any time before the trial thereof*, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending.[41]

The statute provides that under § 205 "the procedure for removal of causes otherwise provided by law shall apply."[42] However, the United States Supreme Court has explained that the purpose of the Convention is "to encourage the recognition and enforcement of commercial arbitration agreements and international contracts and to unify the standard by which the agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries."[43] Indeed, there

---

[37] Rec. Doc. 6 at 11.

[38] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

[39] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[40] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[41] 9 U.S.C. § 205 (emphasis added).

[42] *Id.*

[43] *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520, n.15 (1974).

is a strong "federal policy in favor of arbitral dispute resolution" which "applies with special force in the field of international commerce."[44] This federal policy led the Fifth Circuit to conclude that Congress intended removal under § 205 to be "easy."[45] In *Beiser v. Weyler*, the Fifth Circuit noted that the broad removal provision of § 205 "seem[ed] to be in tension with the rule that [courts] strictly construe statutes conferring removal jurisdiction."[46] But the Fifth Circuit explained that it was Congress's intent to "confer [federal] jurisdiction liberally" in matters relating to international arbitration agreements.[47]

A party may waive its right to remove a case from state court.[48] However, the Fifth Circuit "will give effect only to *explicit* waivers of Convention . . . removal rights" because "Congress created special removal rights to channel [Convention] cases into federal court."[49] Given the strong federal interest in promoting arbitration and the clear edict that Convention cases should be liberally construed in favor of removal, the Court finds that Insurers did not waive their right to remove by participating in the state court proceeding for three reasons. First, as the Fifth Circuit has explained, § 205's removal language is intentionally broad[50] and permits removal "at any time before the trial."[51] In the ordinary removal context, a defendant may waive its right to remove by

---

[44] *Mitsubishi Motors Corp.*, 473 U.S. at 631.

[45] *Beiser*, 284 F.3d at 674.

[46] *Id.*

[47] *Id.* at 674–75.

[48] *See, e.g.*, *McDermott Int'l, Inc.*, 944 F.2d at 1209 (discussing § 205).

[49] *Id.* at 1209, 1213 (emphasis added).

[50] *Beiser*, 284 F.3d at 674.

[51] 9 U.S.C. § 205.

participating in state court proceedings.[52] But § 205's broader removal language "necessarily contemplates that the case might be litigated to some extent before being removed."[53]

Second, Insurers did not obtain a judgment on the merits, as Plaintiffs assert.[54] Instead, the state court denied Insurers' exceptions.[55] A court's denial of a motion is not a judgment on the merits.[56] Finally, Insurers expressly reserved their right to remove in their exceptions.[57] Taken together, these facts do not support a finding that Insurers clearly and unequivocally waived their right to remove. This is particularly so given the guidance from the Fifth Circuit to construe § 205 in favor of removal. Moreover, this result conforms with decisions reached by federal courts across the country that have weighed in on this issue.[58] Accordingly, the Court finds that Insurers did not waive their right to remove.

## V. Conclusion

For the reasons explained above, the Court finds that Insurers did not unequivocally waive

---

[52] *See Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986).

[53] *Sw. Elec. Power Co.*, 2012 WL 5866599, at *5.

[54] Rec. Doc. 5 at 3–4.

[55] Rec. Doc. 5-2 at 33–34.

[56] *See, e.g.*, *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 285 (5th Cir. 2006) (explaining "denial of a motion to dismiss is not a final judgment on the merits" (emphasis omitted)). Additionally, the case law relied on by Plaintiffs is distinguishable. Plaintiffs cite *Sours v. Kneipp* for the proposition that "a final judgment sustaining an exception of prescription is not a mere interlocutory judgment . . . but a final judgment on the merits." 40,770, p. 5 (La. App. 2 Cir. 3/8/06); 923 So. 2d 981, 984. Here, the state court did not sustain Defendants' exception of prescription but denied it. Rec. Doc. 5-2 at 33–34. This denial does not constitute "a final judgment on the merits." *Sours*, 40,770 at p.5; 923 So. 2d at 984.

[57] Rec. Doc. 1-2 at 15 (reserving "the right to remove this matter to federal court").

[58] *Sw. Elec. Power Co.*, 2012 WL 5866599, at *5; *Ostrowiecki v. Aggressor Fleet, Ltd.*, No. 07-6598, 2007 WL 4365442, at *3 n.40 (E.D. La. Dec. 12, 2007) (Africk, J.); *Acosta v. Master Maint. & Constr., Inc.*, 52 F. Supp. 2d 699 (M.D. La. 1999). *See also Suter v. Munich Reinsurance Co.*, 223 F.3d 150, 162 (3d Cir. 2000) ("[P]articipation in litigation . . . is irrelevant to the question of removal under the Convention Act, which provides that a defendant may remove 'at any time before trial' and imposes no requirement that the defendant show cause for the delay.") (citing 9 U.S.C. § 205); *A.O.A. v. Doe Run Res. Corp.*, 833 F. Supp. 2d 1126, 1135 (E.D. Mo. 2011).

their right to remove by participating in the state court proceedings. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand[59] is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this <u>26th</u> day of January, 2022.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[59] Rec. Doc. 5.

9