UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FRANCO'S ATHLETIC CLUB LLC et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1647** |
| **EMILY L. DAVIS et al.** | **SECTION: "G"(3)** |

### ORDER AND REASONS

Before the Court is Defendants Certain Underwriters at Lloyd's London, General Security Indemnity Co. of Arizona, HDI Global Specialty SE, Indian Harbor Insurance Co., International Insurance Co. of Hannover SE, Lexington Insurance Co., Princeton Excess and Surplus Lines Insurance Co., QBE Specialty Insurance Co., Steadfast Insurance Co., United Specialty Insurance Co. (collectively, "Insurers") "Motion to Compel Arbitration and Stay Proceedings."[1] Pursuant to Local Rule 7.5, opposition to a motion must be filed eight days before the noticed submission date.[2] To date, no opposition has been filed and the Motion is therefore deemed to be unopposed. This Court has the authority to grant an unopposed motion, although it not required to do so.[3] Considering the motion, the memorandum in support, the record, and the applicable law, the Court grants the motion, compels arbitration, and stays the claims against Insurers pending arbitration.

### I. Background

This litigation arises out of an alleged embezzlement scheme from 2008 to 2016.[4] On June

---

[1] Rec. Doc. 4.

[2] EDLA Local Rule 7.5.

[3] *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356 (5th Cir. 1993).

[4] Rec. Doc. 1-2 at 255 (State Court Petition).

1

9, 2017, Plaintiffs filed a Petition for Damages and Return of Stolen Property in the Twenty-Second Judicial District Court for the Parish of St. Tammany.[5] In the Petition, Plaintiffs allege that Defendants Emily Davis ("Davis") and Jennifer Thompson ("Thompson") were employees of Plaintiff Franco's Athletic Club ("Franco's").[6] Plaintiffs aver that in July 2016, while Davis and Thompson were both out of the office on vacation, Franco's "received a telephone call from their primary bank alerting them to some irregularities" with Franco's bank accounts.[7] Plaintiffs launched an investigation which allegedly revealed "that Davis and Thompson had been working in concert to commit theft and embezzle funds in excess of $1.7 million over an eight-year period."[8] Plaintiffs assert state law tort claims against Davis and Thompson.[9]

While the case was in state court, on February 19, 2020, Plaintiffs filed a First Supplemental and Amending Petition naming Insurers, as Plaintiffs' insurers, and asserting claims for insurance coverage for the alleged thefts of Davis and Thompson.[10] On March 13, 2020, Plaintiffs filed a Second Supplemental and Amending Petition asserting bad faith insurance claims against Insurers.[11] Insurers filed exceptions of prescription, no right of action, and insufficiency of service, which the state court denied on August 26, 2021.[12] The next day, Insurers removed the action to this Court, asserting subject matter jurisdiction under 9 U.S.C. §§ 202, 203, and 205

---

[5] *Id.* at 253.

[6] *Id.* at 255.

[7] *Id.*

[8] *Id.*

[9] *Id.* at 258–61.

[10] *Id.* at 302–07.

[11] *Id.* at 11–13.

[12] Rec. Doc. 5-2 at 33–34.

because the "dispute falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards" (the "Convention").[13]

On September 16, 2021, Insurers filed the motion and noticed it for submission on October 20, 2021.[14] Opposition to a motion must be filed eight days before the noticed submission date.[15] No opposition has been filed, and therefore the Court deems the motion unopposed.

## II. Insurers' Arguments in Support of the Motion

In the motion, Insurers move the Court to issue an Order staying this litigation and compelling arbitration.[16] Insurers assert that Plaintiffs have sought insurance coverage for the theft claims underlying this litigation.[17] According to Insurers, the insurance policy contains a mandatory arbitration clause.[18] Insurers contend that the policy falls under the Convention.[19] Insurers aver that the "federal policy [in favor of arbitration] applies with special force in the field of international commerce."[20]

Insurers argue that the four criteria to compel arbitration under the Convention are satisfied.[21] First, Insurers assert that the insurance policy contains a written agreement to

---

[13] Rec. Doc. 1.

[14] Rec. Doc. 4.

[15] EDLA Local Rule 7.5.

[16] Rec. Doc. 4-1 at 1.

[17] *Id.*

[18] *Id.*

[19] *Id.* at 1.

[20] *Id.* at 4 (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1985)) (emphasis omitted).

[21] *Id.* at 4–6 (citing *Freudensprung v. Offshore Tech. Servs.*, 379 F.3d 327, 339 (5th Cir. 2004) ("In determining whether the Convention requires compelling arbitration in a given case, courts conduct only a very limited inquiry. Accordingly, a court should compel arbitration if (1) there is a written agreement to arbitrate the matter; (2) the agreement provides for arbitration in a Convention signatory nation; (3) the agreement arises out of a commercial

3

arbitrate.[22] Second, Insurers aver that the clause provides for arbitration in a signatory nation to the Convention.[23] Third, Insurers contend that the arbitration agreement arises from a commercial legal relationship.[24] Fourth, Insurers allege that "multiple Defendants" are not United States citizens.[25] According to Insurers, "[o]nce four these requirements are determined to be present, the Convention requires the Court to order arbitration."[26] Finally, Insurers argue that 9 U.S.C. § 3 requires that this litigation be stayed pending arbitration.[27]

### III. Law and Analysis

Insurers move the Court to issue an Oder compelling arbitration and staying this litigation.[28] Insurers argue that the underlying insurance policy is governed by the Convention, and that all requirements to compel arbitration under the Convention are met.[29] Plaintiffs have filed no opposition to the motion.

---

legal relationship; and (4) a party to the agreement is not an American citizen." (internal citations and quotations omitted)).

[22] *Id.* at 5.

[23] *Id.*

[24] *Id.*

[25] *Id.* at 6.

[26] *Id.* (citing *Freudensprung*, 379 F.3d at 339). Additionally, Insurers address various potential arguments in opposition. *Id.* at 6–12. The Court has considered these arguments, however, given that no opposition was filed, the Court does not address them here.

[27] *Id.* at 3. *See also* 9 U.S.C. § 3 (providing that the Court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement").

[28] Rec. Doc. 4.

[29] *Id.*

In 1958, the United Nations Economic and Social Council adopted the Convention.[30] In 1970, the United States acceded to the treaty (the "Convention Act"), which was subsequently implemented by Chapter 2 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 201 *et seq*.[31] Article II(1) of the Convention requires contracting states, including the United States, to recognize certain written arbitration agreements. It states:

> Each Contracting State shall recognize an agreement in writing under which the parties undertake to submit to arbitration all or any differences which have arisen or which may arise between them in respect of a defined legal relationship, whether contractual or not, concerning a subject matter capable of settlement by arbitration.

Section 201 of the FAA provides that the Convention shall be enforced in United States courts.[32] The Supreme Court has stated that "[t]he goal of the Convention, and the principal purpose underlying American adoption and implementation of it, was to encourage the recognition and enforcement of commercial arbitration agreements in international contracts and to unify the standards by which agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries."[33]

The Convention Act provides that "[a] court having jurisdiction under this chapter may direct that arbitration be held in accordance with the agreement at any place therein provided for, whether that place is within or without the United States."[34] In applying the Convention, the Fifth Circuit has held that "courts conduct only a very limited inquiry."[35] Under this inquiry, a court

---

[30] *Lindo v. NCL (Bahamas), Ltd.*, 652 F.3d 1257, 1262 (11th Cir. 2011).

[31] *Id.*

[32] 9 U.S.C. § 201 ("The Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, shall be enforced in United States courts in accordance with this chapter.").

[33] *Scherk v. Alberto–Culver Co.*, 417 U.S. 506, 520 n.15 (1974).

[34] 9 U.S.C. § 206.

[35] *Freudensprung*, 379 F.3d at 339.

should compel arbitration if (1) there is an agreement in writing to arbitrate the dispute, (2) the agreement provides for arbitration in the territory of a Convention signatory, (3) the agreement arises out of a commercial legal relationship, and (4) a party to the agreement is not an American citizen.[36] Once these requirements are met, the Convention requires the district court to order arbitration, "unless it finds that the said agreement is null and void, inoperative or incapable of being performed."[37]

Here, the Court finds that the requirements to compel arbitration under the Convention are met. First, the insurance policy contains a written agreement to arbitrate in Section VII of the policy.[38] Second, that clause provides for arbitration in a signatory nation—namely, the United States.[39] Third, the arbitration agreement arises from a commercial legal relationship because it is contained in an insurance policy issued to a business.[40] Fourth, several Defendants are citizens of nations other than the United States. For example, multiple underwriters at Defendant Lloyd's of London are citizens of the United Kingdom and Great Britain, and Defendant HDI is a citizen of Germany.[41] Finally, Plaintiffs failed to oppose this motion and do not argue that the agreement is null and void, inoperative or incapable of being performed. Accordingly, the Court will compel arbitration. Additionally, when a court compels arbitration, it "shall . . . stay the trial of the action

---

[36] *Id.*

[37] *Id.*

[38] *See* Rec. Doc. 1-3 (Insurance Policy Arbitration Clause).

[39] *See id.* ("The seat of the Arbitration shall be in New York and the Arbitration Tribunal shall apply the law of New York as the proper law of this insurance.").

[40] Rec. Doc. 4-1 at 5. *See also* Rec. Doc. 1-4 (Insurance Policy).

[41] Rec. Doc. 4-1 at 6. *See also* Rec. Doc. 1-2 at 302–07 (Plaintiff's First Supplemental and Amending Complaint).

. . . until such arbitration has been had."[42] Therefore, the Court will stay the claims against Insurers pending arbitration.

### V. Conclusion

Based on the foregoing,

**IT IS HEREBY ORDERED** that Insurers' "Motion to Compel Arbitration and Stay Proceedings"[43] is **GRANTED**.

**IT IS FURTHER ORDERED** that the claims against Insurers are **STAYED** pending arbitration.[44]

**NEW ORLEANS, LOUISIANA**, this 26th day of January, 2022.

*[signature]*
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[42] 9 U.S.C. § 3.

[43] Rec. Doc. 4.

[44] To date, no party has moved to stay the claims against Davis and Thompson.