UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FRANCO'S ATHLETIC CLUB, LLC et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1647** |
| **EMILY DAVIS et al.** | **SECTION: "G"** |

### ORDER

This litigation arises out of an alleged embezzlement scheme.[1] Plaintiffs assert claims against their former employees, Defendants Jennifer Thompson and Emily Davis, and against their Insurers (collectively, "Insurer-Defendants").[2] On January 26, 2022, the Court granted Insurer-Defendants' motion to compel arbitration and stayed this matter as to Insurer-Defendants only, pending resolution of the arbitration proceedings.[3] Plaintiffs' claims against Thompson and Davis remain pending.

Before the Court is Plaintiffs' "Unopposed Motion to Stay."[4] In the motion, Plaintiffs move the Court to stay the case as to Defendants Thompson and Davis.[5] Plaintiffs assert that "they will incur substantial hardship by proceeding with this case in its current posture," that Davis and

---

[1] Rec. Doc. 1.

[2] The Insurer-Defendants are: Certain Underwriters at Lloyd's London, General Security Indemnity Co. of Arizona, HDI Global Specialty SE, Indian Harbor Insurance Co., International Insurance Co. of Hannover SE, Lexington Insurance Co., Princeton Excess and Surplus Lines Insurance Co., QBE Specialty Insurance Co., Steadfast Insurance Co., United Specialty Insurance Co. *See id.*

[3] Rec. Doc. 13.

[4] Rec. Doc. 23.

[5] Rec. Doc. 23-2 at 1.

1

Thompson will not be prejudiced by a stay and do not oppose this motion, and that staying this matter will preserve judicial resources.[6]

In *Landis v. North American Co.*, the Supreme Court recognized that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[7] The Supreme Court noted that "how this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."[8] Therefore, a district court has "discretionary power to stay proceedings before it in the control of its docket and in the interests of justice."[9] Furthermore, a district court may exercise this discretionary power *sua sponte*.[10]

The Court will exercise its discretion and enter a stay. Plaintiffs' claims against Insurer Defendants are in arbitration, and Plaintiffs are receiving partial restitution payments from Davis and Thompson in state court. Therefore, Plaintiffs would incur significant additional expense pursuing their claims against Davis and Thompson in this Court, particularly when the other proceedings may moot this proceeding. Additionally, this will preserve judicial resources by avoiding potentially unnecessary litigation. Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Stay[11] is **GRANTED**.

---

[6] *Id.*

[7] 299 U.S. 248, 254 (1936).

[8] *Id.* at 254–55.

[9] *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982).

[10] *See Begum v. Miner*, No. 99-20027, 2000 WL 554953, at *1 n.1 (5th Cir. Apr. 20, 2000) (citing *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 n.1 (5th Cir.1999) ("[W]e have held that the district court may *sua sponte* stay a suit as a form of abstention.").

[11] Rec. Doc. 23.

**IT IS FURTHER ORDERED** that the above-captioned action is **STAYED AND ADMINISTRATIVELY CLOSED**.

**NEW ORLEANS, LOUISIANA**, this 9th day of May, 2022.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**